UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**EDWARD B ROSE** and
**SANDRA B ROSE**,

Debtors.

Case No. **11-62057-7**

# MEMORANDUM of DECISION

At Butte in said District this 27th day of April, 2012.

In this Chapter 7 bankruptcy, after due notice, the Court held a hearing on April 12, 2012, in Missoula on Debtors' Motion to Avoid Judicial Lien filed February 6, 2012, wherein Debtors seek to avoid First Montana Bank, Inc.'s judicial lien. Daniel S. Morgan of Missoula, Montana, represented Debtors at the hearing; Martin S. King of Missoula, Montana, represented First Montana Bank, Inc. Debtor Edward Rose ("Edward") testified. The Court admitted Debtors' Exhibits 1 and 2 and First Montana Bank's Exhibits A through G into evidence without objection. At the conclusion of the hearing, the Court granted the parties ten days to file briefs in support of their respective positions. Debtors and First Montana Bank have filed their briefs and the matter is ready for decision. This Memorandum of Decision includes the Court's findings of fact and conclusions of law.

FACTS

Debtors reside at 938 Old Corvallis Road, Corvallis, Montana. Edward, who is a

1

certified real estate appraiser in Montana, estimates that Debtors' home is worth approximately $425,000.  Debtors' residence is encumbered by a consensual first position lien in favor of US Bank Home Mortgage in the approximate amount of $292,354, and a consensual second position lien in favor of US Bank in the approximate amount of $31,164.00.  Debtors' filed a declaration of homestead on July 29, 2010.

Debtors are members in Corner Sports Bar & Casino, LLC.  In May of 2005, Corner Sports Bar & Casino, LLC secured a loan from First Montana Bank in the principal amount of $675,000.  Debtors guaranteed Corner Sports Bar & Casino, LLC's loan from First Montana Bank (FMB).  The loan was secured by deeds of trust on commercial real property in addition to other personal property collateral.

The borrower and the guarantors defaulted on the loan.  FMB filed a collection and foreclosure action in Montana State District Court, Ravalli County, in August of 2008, cause no. DV-08-615.  Among others, Debtors were named as defendants.  On September 10, 2009, the Montana District Court entered "Judgment, Decree of Foreclosure and Order of Sale" ("Judgment").  The judgment allowed foreclosure, a monetary judgment against Debtors and a deficiency judgment against Debtors incase the foreclosure sale proceeds were insufficient to satisfy the debt.  The foreclosure sale proceeds were insufficient and on March 2, 2011, FMB moved for entry of a deficiency judgment.  On March 24, 2011, FMB secured a deficiency judgment of $67,474.60 plus interest which created a judgment lien against Debtors' homestead.

Debtors sought protection under Chapter 7 of the Bankruptcy Code on October 26, 2011, and claimed a $250,000 exemption for their homestead.  Debtors' filed a Motion to

2

Avoid Lien on February 6, 2012, arguing FMB's judgment lien impairs Debtors' homestead exemption. FMB objects to Debtors' Motion arguing FMB has a mortgage foreclosure lien that cannot be avoided and further arguing FMB's judgment lien attached to Debtors' property before Debtors recorded their declaration of homestead on July 29, 2010.

## APPLICABLE LAW and DISCUSSION

The avoidance of liens, in general, is governed by 11 U.S.C. § 522(f)[1], which provides in relevant part:

> Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is-
>
> (A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5)[2][.]

The purpose of lien avoidance is to protect a debtor's exempt property. The formula for determining whether a judicial lien impairs a debtor's exemption is set forth at § 522(f)(2)(A).

FMB first argues that its lien against Debtors' homestead property arises out of mortgage foreclosure and, therefore, may not be avoided under § 522(f)(2)(C), which provides that § 522(f) does "not apply with respect to a judgment arising out of a mortgage foreclosure." The issue for the Court to decide is thus whether a lien stemming from a different foreclosed property has the same rights as a mortgage lien originating from the same foreclosed property.

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

[2] Section 523(a)(5) excepts domestic support obligations from discharge. Because the loan at issue is a business loan and not a domestic support obligation this exception to lien avoidance does not apply in this case.

3

In *In re Hart*, the First Circuit examined the extent of the mortgage exception and concluded the mortgage exception found at § 522(f)(2)(C) only applied when the lien originated from the mortgage foreclosure judgment arising from a consensual mortgage and not from a subsequent deficiency judgment, which is a nonconsensual lien, that becomes a judicial lien. *In re Hart*, 328 F.3d 45, 49 (1st Cir. 2003). In *Hart*, the Chapter 7 debtors' property was foreclosed and the bank obtained a deficiency judgment. The bank then secured a lien for the deficiency amount, which lien was placed on the debtors' residence in another state. The debtors filed for bankruptcy and moved to avoid the lien under § 522(f)(1) and the bank objected under § 522(f)(2)(C). In making its conclusion that the mortgage exception did not apply, the First Circuit noted:

> Section 522(f)(2)(C) does not create different treatment for "a judgment arising out of a mortgage foreclosure." Instead, Congress used § 522(f)(2)(C) to contrast mortgage foreclosure judgments from liens which are avoidable under § 522(f), clarifying that the entry of a foreclosure judgment does not convert the underlying consensual mortgage into a judicial lien which may be avoided. Mortgage foreclosure judgments do not become judicial liens subject to avoidance under § 522. "Rather, a deficiency judgment—whether it arises in a foreclosure action as in Maine or in a separate action as in Massachusetts—is a non-consensual judicial lien like any other which is subject to avoidance under § 522(f)." *In re Linane,* 291 B.R. 457, 461 (N.D.Ill.2003).

*Hart*, 328 F.3d at 49.

The Ninth Circuit has also addressed the mortgage exclusion in a lien avoidance action. *In re Been*, 153 F.3d 1034 (9th Cir. 1998). In *Been*, the debtor and a third party executed a promissory note with California Central Trust Bank Corporation (CCTB). *Id.* at 1035. The note was secured by a deed of trust for a nonresidence that was already encumbered by another deed of trust. *Id.* The property was foreclosed and CCTB did not receive any surplus funds from the foreclosure sale. *Id.* CCTB then obtained deficiency judgment and the deficiency

4

resulted in a lien on the debtor's residence. *Id*. After, the debtor filed for bankruptcy under Chapter 7. The debtor claimed an exemption on her residence under California law and moved to avoid CCTB's lien under § 522(f). CCTB objected to the lien avoidance and argued the mortgage exception of § 522(f)(2)(C). In deciding that § 522(f)(2)(C) did not apply, the Court looked to California law and determined that the mortgage lien was "extinguished" when the nonresidence was foreclosed. *Id.* at 1036. The Court, quoting the Ninth Circuit Bankruptcy Appellate Panel, concluded the "non-judicial foreclosure sale by [the] senior lienholder[] terminated [...] any remaining rights which might 'arise out of' the foreclosure proceeding. Because [the] judgment lien arose out of an independent action on the promissory note, section 522(f)(2)(C) is inapplicable" *Id.* at 1036-37. Thus, the lien on debtor's residence was absent of mortgage lien rights.

Under Montana law, foreclosure actions are governed by MONT. CODE ANN. ("MCA") § 71-1-222 which, in relevant part, states:

> (1) There is only one action for the recovery of debt or the enforcement of any right secured by a mortgage upon real estate, and that action must be in accordance with the provisions of this part. In the action, the court may, by its judgment, direct:
>
>> (a) a sale of the encumbered property or as much of the property as may be necessary;
>> (b) the application of the proceeds of the sale, including the payment of property taxes due at the time of foreclosure; and
>> (c) the payment of the costs of the court, the expenses of the sale, and the amount due the plaintiff.
>
> (2) If it appears from the sheriff's return that the proceeds are insufficient and a balance still remains due, judgment can then be docketed for the balance against the defendant or defendants personally liable for the debt, and it becomes a lien upon the real estate of the judgment debtor, as in other cases on which execution may be issued.

The language of the statute indicates that the rights of a mortgage lienholder are extinguished upon a foreclosure sale. The rights of the mortgage lienholder do not attach to the subsequent deficiency lien. The Court notes that the word "mortgage" and the special legal rights attached to the word are cited in MCA § 72-2-222(1), but are not used in MCA § 72-2-222(2). Instead, MCA § 72-2-222(2) allows for an automatic judgment lien of the balance owing and (after the court's approval) taxes, court costs, sale expenses are all factored in. Hence, the new lien becomes like any other judicial lien.

The Court finds the reasoning of *Hart* persuasive and sees no substantive difference between *Been* and this case. Though California has a two step process of foreclosing and attaching a deficiency lien, Montana law has substantially the same process even though it happens in one step. Under Montana statute, the rights of FMB's mortgage lien from the nonresidential property were extinguished upon the foreclosure sale. What remained was a judgment of the balance owing which resulted in an automatic lien upon Debtors' residence. Because no mortgage rights exist in connection with FMB's lien upon Debtors' residence, the § 522(f)(2)(C) mortgage exception does not apply.

FMB also argues Debtors' cannot avoid FMB's judgment lien because the lien attached to Debtors' property before Debtors recorded their declaration of homestead on July 29, 2010. Montana does not have any exceptions to its homestead exemption or give priority for judgment liens attached to a homestead before a declaration of homestead is recorded. *See McCone Cnty Fed. Credit Union v. Gribble*, 2009 MT 290, 352 Mont. 254, 261 (Mont. 2009) ("The holding in *Snyder* clearly undercuts the Credit Union's contention that a prior formal

filing of a homestead declaration is a *sine qua non* for a debtor to obtain any protections against execution.") and *In re Snyder*, 2006 MT 308, 335 Mont. 11, 14, 149 P.3d 26.

A leading bankruptcy treatise, discussing § 522(f) and the Supreme Court of the United States' ruling in *Owen v. Owen*, 500 U.S. 305, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991), writes:

> [P]er Justice Scalia . . ., the question to consider in determining whether avoidance is possible under section 522(f) is to ask not whether the debtor is entitled to exempt the property that is subject to the lien, but rather to ask whether the property would be exempt if the lien did not exist. If this is the case, then the judicial lien "impairs" the exemption and is subject to avoidance. In Justice Scalia's words, "§ 522(f) [establishes the baseline] against which impairment is to be measured, not an exemption to which the debtor 'is entitled,' but one to which he 'would have been entitled.' The latter phrase denotes a state of affairs that is conceived or hypothetical, rather than actual, and requires the reader to disregard some element of reality. 'Would have been' but for what? The answer given, with respect to the federal exemptions, has been but for the lien at issue, and that seems to us correct."

4 COLLIER ON BANKRUPTCY, ¶ 522.11[3] (16th ed.).

This Court agrees with the foregoing, which is "consistent with Montana's tradition of liberally construing exemptions in favor of debtors." *McCone Cnty Fed. Credit Union*, 2009 MT ¶ 21. Indeed, under Montana law, homestead and exemption statutes must be liberally construed in favor of debtors. Constitution of the State of Montana, Article XIII, section 5; *In re Zimmermann*, 2002 MT 90, ¶ 15, 19 Mont. B.R. at 373; *MacDonald v. Mercill* (1986), 220 Mont. 146, 714 P.2d 132, 135; *De Fontenay v. Childs* (1933), 93 Mont. 480, 485, 19 P.2d 650, 651.

For the reasons discussed above and utilizing the formula set forth in 11 U.S.C. § 522(f)(2)(A), the Court finds that First Montana Bank's judicial lien impairs Debtors' homestead exemption. Accordingly, the Court will enter a separate order providing as follows:

IT IS ORDERED that Debtors' Motion to Avoid Judicial Lien filed February 6, 2012, is GRANTED; and pursuant to 11 U.S.C. § 522(f)(1)(A), the judicial lien held by First Montana Bank against Debtors' homestead property is hereby avoided to the extent allowed by law.

        BY THE COURT

        */s/ Ralph B. Kirscher*
        HON. RALPH B. KIRSCHER
        U.S. Bankruptcy Judge
        United States Bankruptcy Court
        District of Montana